LISA WONG LACKLAND
Nevada Bar No.: 9934
EMILY GUBLER CLARK
Nevada Bar No.: 10547
LEWIS AND ROCA LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169
Telephone: (702) 949-8200
Facsimile: (702) 949-8366

STEVEN D. JANSMA
Texas Bar No.: 00784332, *admitted pro hac vice*
FULBRIGHT & JAWORSKI, L.L.P.
300 Convent Street, Suite 2200
San Antonio, TX 78205
Telephone: (210) 270-9366
Facsimile: (210) 270-7205

*Attorneys for Defendant
Cooper Tire & Rubber Company*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| FEDERICO LARA and MARIA PEREZ, individually and on behalf of the Estate of S.L., deceased Minor; and as Next Friend of A.L. and R.L., Minors; ABRAHAM LARA, RODRIGO LARA and JOANA ARMENTA and JOSE HERRERA, individually and as Next Friends of A.H., N.H., M.H., Minors,<br><br>Plaintiffs,<br><br>vs.<br><br>COOPER TIRE & RUBBER COMPANY, and THE PEP BOYS MANNY MOE & JACK OF CALIFORNIA,<br><br>Defendants. | Case No. 2:10-cv-00580-GMN-PAL<br><br>**AGREED PROTECTIVE ORDER OF CONFIDENTIALITY** |

All parties, plaintiffs, Defendant Cooper Tire & Rubber Company ("Cooper Tire"), and Defendant The Pep Boys Manny, Moe and Jack ("Pep Boys"), stipulate to the following terms regarding a Protective Order of Confidentially and request that the Court enter a corresponding order:

-1-

1. **"Confidential Material."** As used in this Protective Order of Confidentiality, **confidential material** shall refer to **records** and/or things of Defendant Cooper Tire & Rubber Company, hereinafter referred to as "Cooper," protected as trade secrets or confidential information pursuant to state and federal law. All **confidential material** is the exclusive, inalienable property of Cooper.

2. **"Records."** As used in this Protective Order of Confidentiality, **records** shall mean information that is in document form, inscribed or otherwise recorded on a tangible medium, or that is stored in an electronic or other medium and is retrievable in perceivable form. **Records** include both electronic records and printed, typewritten, and other tangible records.

3. **Scope.** This Protective Order of Confidentiality shall govern **confidential material** produced or disclosed by Cooper in response to formal or informal discovery conducted in this matter. Nothing in this Protective Order of Confidentiality shall be deemed to preclude Cooper's right to: (a) oppose discovery on grounds not addressed under the terms of this Protective Order of Confidentiality, or (b) object on any ground to the admission of any **confidential material** into evidence at trial. Further, nothing contained in this Protective Order of Confidentiality shall prejudice the right of any party to contest the alleged relevancy, admissibility, or discoverability of the **confidential material** sought.

4. **Designation of Confidential Material.** Cooper may designate all or any portion of **records** and/or things it produces formally or informally to other parties to this litigation as **confidential material**. The designation of **confidential material** shall be made by any practicable means, including placing on the thing so designated, such that it will not interfere with its legibility, an appropriate notice such as the following: **"confidential"** or **"confidential material."** **Confidential material** will be Bates stamped, if appropriate. All **records** and things designated as **confidential material** shall be treated as such pursuant to the terms of this Protective Order of Confidentiality until further order by the Court.

5. The inadvertent, unintentional, or *in camera* production of any **confidential material** shall not, under any circumstances, be deemed a waiver, in whole or in part, of the confidentiality of the **confidential material** in question. If Cooper should inadvertently produce any **confidential material** not responsive to a formal request for production and/or an order of the Court, and/or inadvertently fail to redact **confidential material** not discoverable in this matter, the recipient shall immediately return the **confidential material**, including all copies or reproductions thereof, to Cooper, and shall make no use of the **confidential material** for any purpose until further order by the Court.

6. **Objection to Designation.** If any party objects to the designation of any **record** or thing as **confidential material**, that party shall promptly notify all other parties in writing within thirty (30) days of receipt of the **confidential material**, specifying the factual and legal basis for the objection. The parties shall have a period of no longer than sixty (60) days to resolve the dispute by agreement. If the dispute is not resolved by agreement, it shall be submitted to the Court within thirty (30) days thereafter. Pending such determination by the Court (or the expiration of the period in which Cooper may make a challenge to an adverse ruling, if later), the **records** and/or things shall be maintained as **confidential material**.

7. **Access to Confidential Material.** Access to **confidential material** shall be limited to **authorized persons,** solely in the performance of their duties in connection with trial preparation of this case. **Authorized persons** are:

(a) Counsel of record for Plaintiffs, Co-Defendants, and Intervenors (if any) to this civil action who have consented to this Protective Order of Confidentiality and have signed the Promise of Confidentiality;

(b) Paralegal, secretarial, administrative, and legal personnel working under the direction and control of those counsel of record for Plaintiffs, Co-Defendants, and/or Intervenors

(if any) and who have consented to this Protective Order of Confidentiality and have signed the Promise of Confidentiality; and

(c) Independent professional engineers, accident reconstructionists, or other independent, forensic experts retained by counsel for Plaintiffs, Co-Defendants, and/or Intervenors (if any) in this civil action, and who have consented to this Protective Order of Confidentiality and signed the Promise of Confidentiality.

(d) Further access may be requested by motion filed with this Court, a hearing (with at least 15 days notice to all parties), and approval by this Court.

Counsel of record for the party who grants access to **confidential material** to an **authorized person** identified in subparagraphs (b) or (c) of this paragraph shall be solely responsible for ensuring full compliance by said **authorized person** with this Protective Order

Access to **confidential material** shall not be given to any person or entity not specifically described above, including to members of the general public. However, nothing in this Protective Order of Confidentiality shall prohibit Cooper, its employees, and its attorneys from confidential use of the **confidential material** as they deem appropriate, and any such confidential use shall not destroy the confidentiality of the **confidential material** in question.

**Authorized persons** shall include only those attorneys who are counsel of record for the parties to this civil action. **Authorized persons** also shall not include any organization or entity that regularly maintains and/or disseminates documents or information (including abstracts or summaries), or any other **records** as a service to its members, subscribers, or others.

Under no circumstances shall access to **confidential material** be granted to any employee of any competitor of Cooper, or any person who, within the past two years, has been affiliated with, employed by, or consulted with a competitor (or an entity in privity with a competitor) of Cooper regarding research, development, production, or testing of tires or, over the following two years, expects to be involved in any such employment, affiliation, or consultation.

8.   **Promises of Confidentiality.** Each **authorized person** who receives access to any **confidential material** shall first be given a copy of this Protective Order and advised by the trial counsel making the disclosure that such person must not divulge any **confidential material** to any other person except in the preparation or trial of this lawsuit, and that such disclosure is limited to **authorized persons**. The Promise of Confidentiality attached hereto as Exhibit A must be signed by each **authorized person** receiving any **confidential material** in advance of receipt. The signed original of each such Promise of Confidentiality shall be provided to counsel of record for Cooper within ten (10) days of execution. In the case of consulting forensic experts, the signed original shall be maintained by the disclosing counsel and provided to counsel of record for Cooper by the earlier of: (a) ten (10) days after the consulting forensic expert is designated as a testifying expert in this lawsuit; or (b) thirty (30) days after the final termination of this action (the earlier of execution of a settlement agreement or entry of a judgment) if the consulting forensic expert is not designated as a testifying expert.

9.   **Storage of Confidential Material.** **Authorized persons** shall maintain all **confidential material** in a secure location. **Confidential material** may not be entered onto any electronic storage system, other than compact disc, and may not be transmitted via e-mail or other similar media.

10.   **Use of Confidential Material. Authorized persons** shall use the **confidential material** for the purpose of this lawsuit only.

(a) No **confidential material** will be produced, disclosed, or otherwise utilized in any other litigation, whether or not that litigation involves parties to this case. Further, no **confidential material** shall be disseminated to or shared with any organization or entity, or any representative thereof, that regularly disseminates documents or information regarding documents, including abstracts or summaries, or any other **records** as a service to its members, subscribers, or others, or the representative of such an organization or entity.

(b) If any subpoenas, requests for production, or other forms of discovery in connection with other litigation are served on any **authorized person**, that **authorized person** will immediately notify Cooper's counsel of record, provide Cooper's counsel of record with a copy of the subpoena or other discovery request, and will consent to and assist in obtaining an order from the appropriate court protecting the **confidential material** from being disseminated outside the scope of this Protective Order of Confidentiality.

11. **Confidential Material Submitted to the Court.**

Any **confidential material** to be filed with the Court, including but not limited to any pleading, motion, transcript, videotape, exhibit, photograph, or other material filed with any court that incorporates or includes **confidential material**, shall be filed under seal.

(a) **Confidential material** in the form of attachments to summary judgment or dispositive motions, or documents that are identified in the joint pretrial order, may be filed under seal only after the Court orders that such documents may be sealed because "compelling reasons" exist to seal them. *See Kamakana v. City and County of Honolulu*, 447 F. 3d 1172 (9th Cir. 2006).

If plaintiffs or co-defendant Pep Boys intends to file **confidential material** as (1) an attachment to a motion for summary judgment or other dispositive motion filed with the Court, or (2) documents that are identified in the joint pretrial order, the party seeking to file will notify Cooper at least 14 days prior to the anticipated filing and will identify (by bates number) the confidential documents to be filed so that Cooper can file a Motion to File Documents Under Seal with the Court. The **confidential material** will not be filed until after the Court has ruled on Cooper's Motion to File Documents Under Seal.

(b) **Confidential material** that is not being submitted to the Court as part of a summary judgment or other dispositive motion, or as part of a joint pretrial order, may be filed under seal without first seeking a further order to seal from the Court. Such documents may be filed under seal pursuant to this protective order.

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

568848.1

(c) **Confidential material** that is submitted to the Court for *in camera* review shall be submitted in accordance with LR 10-5, i.e., material will be submitted in an envelope that bears a captioned cover sheet marked "For in camera review only." When the Court has completed its review of such materials, the materials will be returned to the party that submitted them.

12.   **Depositions.**   If any **confidential material** is used or referred to during any deposition, counsel for Cooper may require that only its representatives, **authorized persons**, the deponent, the court reporter, and the camera operator (if the deposition is videotaped) shall be present for the portion of the deposition dealing with **confidential material**. Counsel for Cooper may also serve a copy of this Protective Order upon the deponent, the court reporter, and camera operator, and require that each sign the Promise of Confidentiality (Exhibit A) prior to further questioning. Counsel for Cooper may state on the record at the deposition that the deposition includes information claimed to be **confidential material**. Within forty-five (45) days of receipt of the completed deposition transcript, counsel for Cooper shall designate by page and line the portions for which such claim is made, and give written notice of this designation to the court reporter and all other parties. This designation shall be placed on the first page in the original and all copies of the deposition by the court reporter and by counsel for the parties. The designation shall include the style of the case. Pending such designation, the deposition and all exhibits shall be treated in its entirety as **confidential material**. Those portions of the deposition which are designated as **confidential material** shall be bound separately under seal and prominently marked "confidential material subject to Protective Order." The portions of each deposition so designated shall be returned to trial counsel for Cooper within thirty (30) day of final termination of this action (the earlier of execution of a settlement agreement or entry of a judgment).

Under no circumstances shall any **confidential material** be viewed by any deponent who is an employee of any competitor of Cooper, or any person who, within the past two years, has been affiliated with, employed by, or consulted with a competitor (or an entity in privity with a

competitor) of Cooper's regarding research, development, production, or testing of tires or, over the following two years, expects to be involved in any such employment, affiliation, or consultation.

13. **Evidence at Trial.** Prior to seeking to introduce **confidential material** into evidence, Plaintiffs, Co-Defendants and Intervenors (if any) shall give sufficient advance notice to the Court and to counsel of record for Cooper to allow arrangements to be made for *in camera* treatment of the **confidential material**. In the event that a transcript of the trial is prepared, any party may request that certain portions thereof, which contain trade secrets or other **confidential material**, be filed under seal.

14. **Improper Disclosure.** Should any **confidential material** be disclosed to any unauthorized person, the unauthorized person (a) shall be informed promptly of the provisions of this Protective Order of Confidentiality by the party who first learns of the disclosure, and upon such notice shall be subject to the terms of this Protective Order of Confidentiality; (b) shall be identified immediately to counsel of record for Cooper; and (c) shall be directed, if within control of a party or his/her/its counsel, or otherwise asked, to sign the Promise of Confidentiality (Exhibit A). At Cooper's sole discretion, such unauthorized person may be required to surrender to Cooper all copies of **confidential material** in such unauthorized person's possession. The person or entity who caused the unauthorized disclosure shall be responsible for securing the unauthorized person's assent to the Promise of Confidentiality and for all reasonable attorneys' fees, costs, and expenses associated with enforcement of this Protective Order of Confidentiality.

15. **Return of Confidential Material.** Within thirty (30) days of final termination of this action (the earlier of execution of a settlement agreement or entry of a judgment), counsel for record for each party shall assemble and return to counsel of record for Cooper all **confidential material** produced, including all copies, notes, direct quotes, descriptions, summaries, indices, transcripts, renderings, photographs, recordings, floppy discs, compact discs, DVDs, other

magnetic or electronic media, and physical or electronic reproductions of every kind of such **confidential material,** whether in the possession of said counsel or in the possession of any **authorized person** who gained access to the **confidential material**. Accompanying the return of all **confidential material**, counsel for all parties shall provide to counsel for Cooper executed Certifications in the form attached hereto as Exhibit B (executed by each Counsel for the Plaintiffs, Co-Defendants, and/or Intervenors) and Exhibit C (executed by each expert and anyone else who had access to such **confidential material**). If upon the review of the returned **confidential material**, counsel of record for Cooper concludes that not all **confidential material** has been returned, counsel of record for Cooper will provide to counsel of record for the returning party a list of those **records** by bates stamp number which were not returned. If counsel of record for returning party is unable to provide or locate those missing **records**, then counsel of record for the returning party shall execute an affidavit which states: (a) the bates numbers of those **records** that counsel of record for the returning party was unable to return; (b) that a diligent and thorough search was conducted of all **authorized person** who gained access to the **confidential material** through counsel of record for the returning party and counsel of record for the returning party was unable to find said **confidential material**; and (c) counsel of record for the returning party does not have said **confidential material** in his or her possession. Such affidavit shall not relieve

///

///

///

///

///

///

///

///

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

counsel for the returning party from their continuing obligation to return the **confidential material** as set forth in this paragraph.

IT IS SO STIPULATED:

DATED this 10th day of January, 2011.

| SAM HARDING LAW FIRM<br><br>By:/S/ Samuel A. Harding<br>    Samuel A. Harding, Esq.<br>    Nevada Bar No. 1877<br>    1100 East Bridger Avenue<br>    Las Vegas, NV 89101<br><br>and<br><br>THE WEBSTER LAW FIRM<br><br>By:/S/ Jason C. Webster<br>    Jason C. Webster (*admitted pro hac*)<br>    6200 Savoy, Suite 515<br>    Houston, TX 77036<br>    *Attorneys for Plaintiffs* | LEWIS AND ROCA LLP<br><br>By:/S/ Lisa Wong Lackland<br>    Lisa Wong Lackland<br>    Nevada Bar No. 9934<br>    3993 Howard Hughes Parkway, Suite 600<br>    Las Vegas, NV 89169<br>    *Attorneys for Defendant*<br>    *Cooper Tire & Rubber Company*<br><br>LEWIS BRISBOIS BISGAARD & SMITH LLP<br><br>By/S/ Paul A. Shpirt<br>    Paul A. Shpirt<br>    Nevada Bar No. 10441<br>    6385 S. Rainbow Blvd., Suite 600<br>    Las Vegas, NV 89118<br>    *Attorneys for Defendant The Pep Boys*<br>    *Manny Moe & Jack of California* |
|---|---|

**ORDER**

IT IS SO ORDERED:

DATED: January 11, 2011.

_____
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

## PROMISE OF CONFIDENTIALITY

State of _____    §
                      §
County of _____   §

1. My name is _____. I live at _____. I am employed as _____ by _____.

2. I am aware that a Protective Order of Confidentiality has been entered in the lawsuit styled Cause No. 2:10-cv-00580 RCJ-PAL: *Federico Lara and Marie Perez individually and on behalf of the Estate of S.L., deceased Minor; and as Next Friend of A.L. and RL, Minors; Abraham Lara, Rodrigo Lara and Joana Armenta and Jose Herrera, individually and as Next Friends of A.H., N.H., M.H., Minors*; In the United States District Court, District of Nevada, and a copy of that Protective Order of Confidentiality has been given to me.

3. I promise that I will use the **confidential material** as defined under that Protective Order of Confidentiality only in connection with assisting counsel of record for Plaintiffs, Co-Defendants, and/or Intervenors in preparing for litigation of this matter.

4. I promise that I will not disclose or discuss such **confidential material** with any person other than counsel of record for the parties or members of their staff who are actively engaged in the preparation of this case.

5. I understand that I am prohibited by the terms of the Protective Order of Confidentiality from entering any **confidential material** onto any electronic storage system, other than a compact disc. Specifically, I am prohibited from entering any **confidential material** onto any computer database and/or computer hard drive. I am also prohibited from transmitting **confidential material** via e-mail or other similar media.

6. <u>I promise that I will not attempt or assist in any attempt to seek permission from any other court to access the **confidential material** produced in this matter for use in other litigation or for any other purpose.</u>

7. I understand that any use of the **confidential material** I obtain, in any manner contrary to the provisions of the Protective Order of Confidentiality or this Promise of

Confidentiality may subject me to sanctions by this Court, and I agree to the jurisdiction of this Court to enforce any such Order.

8. I expressly consent to the jurisdiction of this Court with respect to matters within the scope of the Protective Order of Confidentiality.

9. I understand that violating the terms of the Protective Order of Confidentiality or this Promise of Confidentiality could result in civil sanctions levied by the Court, as well as criminal penalties under state or federal law.

10. Within twenty (20) days of final termination of this action (the earlier of execution of a settlement agreement or entry of a judgment), I will return to Cooper Tire & Rubber Company, through delivery to counsel of record representing Plaintiffs, Co-Defendants, and Intervenors from whom I received the **confidential material** in this case, all **confidential material**, including all copies, notes, direct quotes, descriptions, summaries, indices, transcripts, renderings, photographs, recordings, floppy discs, compact discs, DVDs, other magnetic or electronic media, and physical or electronic reproductions of every kind thereof, along with my executed Certification of Confidential Document Return confirming the return of said **confidential material**. I promise that under no circumstance will I retain any originals or duplicate of any such **confidential material**. I assume all responsibility for returning the **confidential material** to Cooper Tire & Rubber Company, as set forth herein, and I bear all risks associated with the purported loss, destruction, or inadvertent disclosure of such **confidential material** that has been entrusted to my care. My failure to return all such **confidential material** and/or to provide the notarized affidavit described above will be deemed a disclosure of the **confidential information** in violation of the Protective Order of Confidentiality and this Promise of Confidentiality, which may subject me to sanctions. I expressly agree to pay all reasonable attorneys' fees, costs, and expenses associated with enforcement of this paragraph in order to obtain my compliance with it, in addition to any sanctions the Court may impose.

_____    _____
Signature                          Date

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

568848.1

# EXHIBIT B
## Attorney's Certification of Confidential Document Return

1. We are counsel of record for the Plaintiffs in the case styled Cause No. 2:10-cv-00580 RCJ-PAL: *Federico Lara and Marie Perez individually and on behalf of the Estate of S.L., deceased Minor; and as Next Friend of A.L. and RL, Minors; Abraham Lara, Rodrigo Lara and Joana Armenta and Jose Herrera, individually and as Next Friends of A.H., N.H., M.H., Minors*; In the United States District Court, District of Nevada: (the "Lawsuit").

2. Pursuant to the requirements set forth in the Protective Order of Confidentiality, each of us have fulfilled each of our obligations imposed thereby, specifically:

   A. We have returned to counsel of record for Cooper Tire & Rubber Company ("Cooper") all items produced by Cooper subject to the Protective Order of Confidentiality in the Lawsuit, and all copies, notes, direct quotes, descriptions, summaries, indices, transcripts, renderings, photographs, recordings, floppy discs, compact discs, DVDs, other magnetic or electronic media, and physical or electronic reproductions of every kind thereof (collectively referred to herein as "Confidential Material"), as required by the Protective Order of Confidentiality.

   B. In compliance with Paragraph 9 of the Protective Order of Confidentiality, we have confirmed that no Confidential Material was intentionally or inadvertently entered on portable electronic or magnetic media (other than compact disc), computer databases and/or computer hard drives. If we discovered that Confidential Material was entered on such media, databases, and/or hard drives, we confirmed that such Confidential Material was immediately deleted and written over and destroyed. We have provided to counsel of record for Cooper the originals and all copies of any compact disc on which the Confidential Material was produced to us by Cooper.

   C. As part of our return of Confidential Material, we have gathered from each person to whom we have given access all Confidential Material in such person's possession. Each such person has executed his own certification attesting that (1) all Confidential Material have

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

568848.1

been returned to us, and that (2) the person in question did not make Confidential Material available to any other person or entity. Those certifications are attached hereto.

   D. We have not made any Confidential Material, any copies thereof, or any document or thing that reflects or contains Confidential Material, available to any other person or entity.

  3. We understand that we have a continuing obligation under the Protective Order of Confidentiality to immediately return any Confidential Material that was produced to us by Cooper in this lawsuit that may later be located.

  4. We understand that any breach of my obligations under the Protective Order of Confidentiality will subject each of us to all common law and statutory remedies, as well as civil sanctions levied by this Court.

Date:_____  Signature:_____
             Jason C. Webster
             Texas Bar No. 24033318

Date:_____  Signature:_____
             Samuel A. Harding
             NV Bar No. 1877

# EXHIBIT C

## Expert's/Authorized Person's Certification of Confidential Document Return

1. My name is _____. I work at _____
_____.

2. I have received access to materials (including documents, transcripts and/or other things) protected by the Protective Order of Confidentiality (collectively referred to herein as "Confidential Material") entered in the case styled Cause No. 2:10-cv-00580 RCJ-PAL: *Federico Lara and Marie Perez individually and on behalf of the Estate of S.L., deceased Minor; and as Next Friend of A.L. and RL, Minors; Abraham Lara, Rodrigo Lara and Joana Armenta and Jose Herrera, individually and as Next Friends of A.H., N.H., M.H., Minors*; In the United States District Court, District of Nevada (the "Lawsuit").

3. I have returned all Confidential Material and all copies, notes, direct quotes, descriptions, summaries, indices, transcripts, renderings, photographs, recordings, floppy discs, compact discs, DVDs, other magnetic or electronic media, and physical or electronic reproductions thereof to _____.

4. In compliance with Paragraph 9 of the Protective Order of Confidentiality, I have confirmed that no Confidential Material was intentionally or inadvertently entered on portable electronic or magnetic media (other than a compact disc), computer databases and/or computer hard drives. If I discovered that Confidential Material was entered on such media, databases, and/or hard drives, I confirm that such Confidential Material was immediately deleted and written over and destroyed. I have returned to the individual identified in paragraph 3 above the originals and all copies of any compact disc provided to me containing Confidential Material.

5. I have not made any Confidential Material, any copies thereof, or any document that reflects or contains Confidential Material, available to any other person or entity.

6. I understand that I have a continuing obligation under the Protective Order of Confidentiality to locate and immediately return any Confidential Material thereof that was produced by Cooper in this lawsuit.

7. I understand that any breach of my obligations under the Protective Order of Confidentiality will subject me to all common law and statutory remedies, as well as civil sanctions levied this Court.

Date: _____    Signature: _____